IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JUST CAUSE MARKETING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LENDIO, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING THE MOTION TO COMPEL ARBITRATION<br><br>Case No. 2:26-cv-00011-JNP-CMR<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before this court is a motion to stay this action and compel arbitration. For the reasons discussed below, the motion is DENIED, but the court grants Lendio leave to file a renewed motion to compel arbitration after the close of a trial to determine disputed issues of fact relating to the parties' alleged agreement to arbitrate.

## BACKGROUND

The court recounts the factual background "in the light most favorable to the party opposing arbitration." *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014). Plaintiff Just Cause Marketing, Inc., alleges that it inquired about loans offered by Defendant Lendio, Inc. in 2024. ECF No. 1 ⁋⁋ 8–20. Lendio responded and ultimately represented that Just Cause had been approved for a Small Business Administration ("SBA") loan from BayFirst National Bank. *Id.* at ⁋ 20. However, Lendio urged Just Cause to obtain a "bridge loan" pending finalization of the SBA loan. *Id.* at ⁋⁋ 21–24. The terms of the "bridge loan" were "decidedly less favorable" than those of the SBA loan; the interest rate was "outrageously high," with an A.P.R.

of 74.90%, compared to the 10–15% A.P.R. Just Cause expected to obtain through the SBA loan. *Id*. at ¶¶ 25–26. After Just Cause obtained the "bridge loan," Lendio informed Just Cause that it was no longer eligible for the SBA loan. *Id*. at ¶¶ 27–36. Just Cause alleges that Lendio used a "bait and switch" tactic and thereby "trapped Just Cause into an outrageously high cost loan." *Id*. at ¶ 35.

When Just Cause inquired about loans offered by Lendio, it apparently did so using Lendio's website. ECF No. 52, p. 17; ECF No. 1 ¶¶ 13–16. Here, the parties' factual accounts diverge. Lendio submits affidavits from Ethan Hanson, Senior Vice President and General Counsel of Lendio, and Parker Shepherd, Principal Engineer at Lendio, attesting that Lendio's website requires users to agree to Lendio's Terms of Use and Terms of Application in order to inquire about loans (although Lendio alleges that users may opt out of certain terms in these agreements, Lendio states that it did not receive any opt-out notification from Just Cause). *See* ECF No. 48, Exhibits 1 & 5. Mr. Hanson and Mr. Shepherd also attest that the copies of the Terms of Use and Terms of Application submitted by Lendio in this proceeding are identical to those used by Lendio when Just Cause submitted its inquiry in 2024 (notwithstanding that the screen captures submitted by Lendio are dated January 23, 2025) and that the website screen captures Lendio has submitted accurately depict what Just Cause would have seen when submitting its inquiry (again, notwithstanding the fact that the screen captures were taken after litigation commenced). *Id*. One of the screen captures submitted by Lendio shows a page titled "Create an account," which includes a check box next to the statement "I agree to the Terms of Application, Terms of Use which includes an arbitration agreement, Credit Gathering Authorization, E-sign Disclosure, and Privacy Policy." ECF No. 48, Exhibit 3.

Just Cause responds with an affidavit from Deborah Adams, principal owner of Just Cause. ECF No. 52, p. 16. Ms. Adams attests that she recalls that Lendio requires inquirers to agree to terms and conditions but states that "[i]f the contract possessed an arbitration term, it was not prominently disclosed up front." *Id*. at 17. Ms. Adams further attests that the documents Lendio submits as the Terms of Use and Terms of Application are "unfamiliar" and "do not appear to be the same documents" she observed when submitting her inquiry to Lendio in 2024. *Id*.

**LEGAL STANDARD**

The parties' agreement to arbitrate, or lack thereof, is governed by the Federal Arbitration Act ("FAA"), which reaches all arbitration provisions in contracts involving interstate commerce. *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 281 (1995). Lendio is a Delaware corporation with its principal place of business in Utah; Just Cause is a Connecticut corporation that conducts a "substantial portion" of its business in Ohio. ECF No. 48, Exhibit 1, p. 1; ECF No. 1 ¶¶ 1–2. Their dealings constitute interstate commerce and therefore fall within the scope of the FAA.

The FAA "reflects the fundamental principle that arbitration is a matter of contract," placing "arbitration agreements on an equal footing with other contracts." *Coinbase, Inc. v. Suski*, 602 U.S. 143, 147 (2024). Although the FAA reflects a "liberal federal policy favoring arbitration," arbitration agreements may be "declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract,'" including "generally applicable contract defenses, such as fraud, duress, or unconscionability." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citation omitted). Courts "apply ordinary state-law principles that govern the formation of contracts to determine whether a party has agreed to arbitrate a dispute." *Bellman v. i3Carbon*, LLC, 563 F. App'x 608, 612 (10th Cir. 2014).

Where "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue," the FAA directs that "the court shall proceed summarily to the trial thereof." 9 U.S.C.A. § 4. The Tenth Circuit has emphasized that, when "a quick look at the case suggests material disputes of fact do exist on the question whether the parties agreed to arbitrate, round after round of discovery and motions practice isn't the answer." *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014); *see also Labertew for P.B. v. WinRed, Inc.*, No. 2:21-CV-555-TC, 2024 WL 4279035, at *15 (D. Utah Sept. 24, 2024). Instead, the FAA "calls for a *summary trial*—not death by discovery." *Id*. (emphasis in original). "In ascertaining whether questions of material fact remain, we give the nonmoving party . . . 'the benefit of all reasonable doubts and inferences that may arise.'" *Bellman v. i3Carbon, LLC*, 563 F. App'x 608, 612 (10th Cir. 2014) (citation omitted).

## DISCUSSION

### I. FACTUAL DISPUTES

The parties' briefing on Lendio's motion to compel arbitration makes it clear that disputes of fact exist and go directly to whether the parties agreed to arbitrate the claims at issue in this case. *See* ECF No. 48, Exhibits 1 & 5; ECF No. 52, p. 17. It appears that Just Cause concedes that it was required to assent to certain terms and conditions when submitting an inquiry to Lendio in 2024, but the parties dispute whether the Terms of Use and Terms of Application submitted in these proceedings by Lendio are true and accurate copies of the agreements to which Just Cause assented. ECF No. 52, p. 17. Just Cause further claims that the terms of the agreements were not "readily available for review or consideration" and that Lendio obtained the arbitration agreement provision by fraud. ECF No. 52, pp. 5, 7. Lendio's motion to compel arbitration is therefore denied pending the outcome of a summary trial to determine what terms Just Cause assented to in 2024;

whether those terms were provided to Just Cause prior to Just Cause giving its assent; and whether the arbitration agreement provision was obtained by fraud.

## II. ISSUES OF LAW

Just Cause, in addition to arguing that the parties never formed a valid, enforceable contract, argues that the arbitration agreement is unenforceable because it is unconscionable and violates Utah public policy. ECF No. 52, pp. 8, 12. Resolving these issues requires reference to the underlying facts. For example, Just Cause's argument that the arbitration agreement is procedurally unconscionable rests on disputed factual claims that Just Cause was not provided the terms of the agreement when it submitted its inquiry to Lendio. *Id*. at 11; ECF No. 53, p. 7. Similarly, Just Cause's argument that the arbitration agreement is substantively unconscionable relies on the content of the agreement, another disputed factual issue. ECF No. 52, p. 10; ECF No. 53, p. 5. Just Cause's public policy argument is similarly entangled with the content of the agreement. ECF No. 52, pp. 12–13. Thus, the court cannot reach the merits of Just Cause's legal arguments until the underlying factual disputes are resolved.

## CONCLUSION AND ORDER

For the reasons above, the court DENIES the motion but grants Lendio leave to file a renewed motion to compel arbitration after the close of a trial to determine disputed issues of fact relating to the parties' alleged agreement to arbitrate.

DATED September 29, 2026.

BY THE COURT

Jill N. Parrish
Chief United States District Court Judge
District of Utah